IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vijay Singh, aka Kulbinder Singh, aka Kulwarn Singh,<br><br>    Petitioner,<br><br>vs.<br><br>Katrina Kane,<br><br>    Respondent. | No.  CIV 10-879-PHX-NVW (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

     Vijay Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that immigration officials are holding him in detention pending his removal to India. He argues he is entitled to release from custody because his detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Court concludes that Singh has failed to demonstrate that no substantial likelihood exists that he will be removed in the reasonably foreseeable future.  In addition, the Court has determined that Singh's lack of cooperation in providing a completed travel application, and his use of multiple aliases, constitute the predominate reasons for the Indian Consulate's failure to issue travel documents.  Therefore, the Court recommends that Singh's petition be denied and dismissed with prejudice.

**BACKGROUND**

Singh is a 43-year-old male, native and citizen of India (Doc. 13, Exh I). During his contacts with the United States Immigration system, he has used three different names and has been assigned three different alien numbers.[1] On February 23, 1992, the government paroled a person who identified himself as Kulwarn Singh into the United States at Honolulu, Hawaii (*Id*., Exh 2). Kulwarn Singh failed to report for the April 19, 1993 exclusion hearing; he was ordered deported for not having a valid immigrant visa (*Id*., Exh 3). On October 21, 1993, the government placed a person who identified himself as Vijay Singh into deportation proceedings in San Francisco, California, alleging that he entered the United States on or about March 20, 1993 without inspection (*Id*., Exh 4).

On November 23, 2003, the former Immigration and Naturalization Service (INS) denied Vijay Singh's request for asylum (*Id*., Exh 5). On June 30, 1995, the immigration judge denied his application for asylum and withholding of removal and granted him voluntary departure until September 30, 1995, with an alternate order of deportation to India; he reserved appeal (*Id*., Exh 6). On May 29, 1998, the Board of Immigration Appeals (BIA) dismissed his appeal, granting him 30 days to voluntarily depart, and ordering that a failure to do so would result in deportation (*Id*., Exh 7).

On November 14, 2007, the government placed a person who identified himself as Kulbinder Singh into removal proceedings, charging him with entering the United States on or about February 5, 1997 at or near Yuma, Arizona without being admitted or paroled after inspection (*Id.*, Exh 8). On October 11, 2000, he failed to appear at his merits hearing and was ordered removed to India (*Id.*, Exh 9).

On June 16, 2009, Bakersfield Fugitive Operations arrested Singh in Potterville, California. He gave his name as Kumar Singh. He had two current California driver's licenses

---

[1] Vijay Singh, A72 109 861; Kulwarn Singh, A71 890 598; Kulbinder Singh, A75 306 291.

- 2 -

in his possession under the names of Kulbinder Singh and Vijay Singh. The government located three outstanding warrants under the three different identities; his fingerprints matched the fingerprints in his original file under the name Kulwarn Singh. The government compared the photos from all three files and determined it was the same person (*Id*., Exh 1).

On June 22, 2009, August 12, 2009, and August 17, 2009, the government served Singh with a Notice of File Custody Review, a Warning for Failure to Depart and an Instruction Sheet Regarding the Requirement to Assist in Removal. Each Notice stated that his custody was to be reviewed on September 14, 2009 (*Id*., Exh 10, 11, 12). On July 22, 2009, Singh requested a Custody Redetermination Hearing (*Id*., Exh 13). On September 8, 2009, he withdrew his request (*Id*., Exh 14). On December 17, 2009, the government issued an Order to Continue Detention (*Id*., Exh 15).

On June 22, 2009, a deportation officer employed by Immigrations and Customs Enforcement (ICE) served Singh with Form I-229(a) and the instruction sheet, which advised him of the obligation to assist in obtaining travel documents (*Id*., Exh 10). On the same day, Singh was provided with an application for a travel document (*Id*., Exh 16, ¶ 6). On June 22, 2009, Peter Singh entered a Notice of Appearance (*Id*., Exh 17). On July 2, 2009, Vijay Singh stated that he had forwarded the forms to his attorney and that his attorney would respond to the Form I-229(a) and the attached instruction sheet (*Id*., Exh 16, ¶ 7). On July 24, 2009, ICE contacted Peter Singh, who indicated he had never received the form or the attached instruction sheet (*Id*., ¶ 9). Neither Singh nor his attorney has ever responded to the Form I-229(a) or the attached instruction sheet.

On September 2, 2009, ICE informed the Indian Consulate that Singh refused to assist in obtaining travel documents because he had not returned the applications provided him on June 22, August 12, and August 17 (*Id*., Exh 10, 11, 12, 16, ¶ 12). The Consulate instructed ICE to fill out the forms as best it could and submit them unsigned. The Consulate would then forward the application to India for verification of citizenship and residence. The Consulate estimated that it would take three or four months for India to verify Singh's citizenship and

residence (*Id.*, ¶ 12).  On September 3, 2009, ICE submitted an official request for travel documents for Vijay Singh to the Indian Consulate in San Francisco, including all of the aliases (*Id.*, Exh 18).[2]  On September 11, the Consulate requested confirmation that Singh had used aliases (*Id.*, Exh 16, ¶ 15).  On February 4, 2010, ICE contacted the Consulate again, and the Consulate again requested confirmation of the aliases, explaining that the aliases were delaying the citizenship verification process (*Id.*, ¶ 18).  Further efforts were made by ICE and the Consulate on February 16, February 18, March 17, April 23, May 19, June 23, and July 21 to follow up on the status of the travel documents (*Id.*, ¶¶ 19, 21).  The Consulate is still awaiting a response from Indian authorities; as of July 21, 2010, the Consulate had not issued a travel document for Singh (*Id.*, ¶¶ 21, 22).

## DISCUSSION

During the 90-day statutory removal period, Singh was mandatorily detained, and his detention was constitutional. *Khotesouvan v. Morones*, 386 F.3d 1298, 1300 (9th Cir. 2004). Beyond the 90-day period, six months is a presumptively reasonable period of time to allow the government to remove the alien. *See Zadvydas*. Once this six-month period has passed, and the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence to rebut that showing. *Id*. However, an alien "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701.

Singh has failed to establish that there is no significant likelihood of removal in the reasonably foreseeable future.  The record reflects that efforts are ongoing to obtain travel

---

[2]Attached to the request were the following documents:  Biometric Information; Information for Travel Document or Passport; Format for Requisite Particulars in Nationality Status Verification; Application for Indian Passport; Notice to Applicant for Admission Detained for Hearing before Immigration Judge; Decision of Board of Appeals, dated May 29, 1998; and several identity documents, including an affidavit from Singh's father, Garib Singh, who is living in India, and who states that his son is "VIJAY SINGH," born on October 24, 1966, and a copy of a government issued driver's licence for "Vijay Singh."

documents. The record also reflects that any difficulty in issuing travel documents is due to Singh's delaying tactics in providing a completed travel application and his use of multiple aliases. When the alien is the cause of his own detention, and has the "keys [to his freedom] in his pocket" and therefore "could likely effectuate his removal by providing the information requested by the [government]," *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003), the risk of indefinite detention does not exist. *Id.* Although the government eventually provided the required completed application, it was without any assistance from Singh or his attorney. In light of his self-inflicted delay, in addition to the delay caused by his use of aliases, he cannot complain that the delay makes his continued detention unconstitutional. His continued detention is not indefinite, and is authorized by 8 U.S.C. § 1231(a)(6).

**IT IS THEREFORE RECOMMENDED** that Vijay Singh's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Singh has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 13th day of September, 2010.

_____
David K. Duncan
United States Magistrate Judge